THOMAS K. GODFREY
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Ave. N., Ste. 3200
Billings, MT 59101
Phone: (406) 657-6101
Fax: (406) 657-6989
E-mail: Thomas.Godfrey@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | MJ 23-130-BLG-TJC |
|---|---|
| Plaintiff, | RESPONSE TO SECOND MOTION FOR DETENTION HEARING |
| vs. | |
| GABRIEL COWAN METCALF, | |
| Defendant. | |

COME NOW, the United States, through Thomas K. Godfrey, Assistant U.S. Attorney for the District of Montana, and responds to Gabriel Cowan Metcalf's second motion for a detention hearing. Metcalf had his initial appearance on the complaint on August 23, 2023. A detention hearing was held on August 24, 2023. The defendant proposed he return to his residence where he was

1

living at the time of his arrest.  At the hearing, the Court listened to testimony by Task Force Officer Dustin Stroble and the parties' arguments, and then ordered the defendant detained.  Doc. 11.  On September 8, 2023, the defendant filed a motion for a second detention hearing.  Doc. 16.  The government opposes this motion.

Pursuant to 18 U.S.C. § 3142(f), the defendant already had a detention hearing and was detained.  A criminal defendant is not automatically entitled to a second detention hearing.  *See* 18 U.S.C. 3142(f) (a detention hearing may be reopened only "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.")

Under this standard, "a defendant must establish two essential elements before the issue of detention may be reopened: 1) that information exists that was not known to a defendant at the time of the initial hearing, and 2) the new information is material to release conditions regarding flight or dangerousness." *United States v. Bowens*, 2007 WL 2220501 *1 (D. Ariz. 2007) (*citing United States v. Hare*, 873 F.2d 796 (5th Cir. 1989)); *see also United States v. Smith*, 337 F.R.D. 366, 368 (N.D. Fla. 2020) (*citing United States v. Watson*, 475 F. App'x

598, 600 (6th Cir. 2012) and *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988)).

"Courts have interpreted this provision strictly, holding that hearings should not be reopened if the evidence was available at the time of the initial hearing" or is not material. *United States v. Ward*, 63 F. Supp. 2d 1203, 1206-07 (C.D. Cal. 1999); *see United States v. Simpson*, 408 F. App'x 830, 831 (5th Cir. 2011); *United States v. Lizardi-Maldonado*, 275 F. Supp. 3d 1284, 1287 (D. Utah 2017). "Furthermore, even if a defendant submits new information that is material, the statute's 'use of the word 'may' indicates discretion on the part of the district court. Thus, there is no requirement to reopen a detention hearing . . . .'" *Smith*, 337 F.R.D. at 368 (*quoting Watson*, 475 F. App'x at 601).

The defendant's basis for his request for a second detention hearing is a report of psychological evaluation that occurred on August 28, 2023.  The report largely restates the defendant's position as to why he felt he had to patrol a school zone with a firearm.  It does not offer a new living situation plan or a treatment plan that would change the evaluation the Court made at the original detention hearing.  Thus, it is not new information that is material to release conditions regarding his dangerousness. The government maintains he is a danger to the community based upon the evidence provided at the detention hearing on August 24, 2023.

The United States opposes the defendant's motion for a detention hearing, and respectfully requests the Court deny the motion.

DATED this 15th day of September, 2023.

JESSE A. LASLOVICH
United States Attorney

*/s/ Thomas K. Godfrey*
THOMAS K. GODFREY
Assistant U. S. Attorney
