RUSSELL A. HART
Assistant Federal Defender
Federal Defenders of Montana
Billings Branch Office
175 North 27th Street, Suite 401
Billings, MT 59101
Phone: (406) 259-2459
Fax: (406) 259-2569
russell_hart@fd.org
  Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>GABRIEL COWAN METCALF,<br><br>   Defendant. | **Case No. MJ-23-130-BLG-TJC**<br><br><br>**REPLY IN SUPPORT OF MOTION**<br>**FOR DETENTION HEARING** |

  The Court issued an Order of Detention following its August 24, 2023 hearing where it found the Government had proven by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person in the community should Mr. Metcalf be released. Doc. No. 11. The Court made findings on the record and indicated in its Order of Detention the Defendant's "history of violence or use of weapons" as a reason for

his continued detention.  *Id*.  The Court orally indicated that if new information became available concerning Mr. Metcalf's mental health or the possibility of alternate housing, it may constitute cause for reopening the hearing under 18 U.S.C. § 3142(f).

Since that hearing, Mr. Metcalf obtained, for the first time, an evaluation by which a professional assessed his mental health and state of mind.  The Government characterizes this as merely a restatement "of his position as to why he felt he had to patrol a school zone with a firearm."  Doc. No. 18, at pg. 3.  While Mr. Metcalf does not agree with the Government's characterization, the evaluator's recitation of Mr. Metcalf's answers to his questions constitutes but a portion of the evaluation.  The evaluator was tasked with interviewing and testing Mr. Metcalf, then writing a report of their observations.  Yes, Mr. Metcalf's statements are relayed in the report, but they are not the report.  The evaluator had the benefit of this Court's Order of Detention and made a professional determination where to focus his questions.  They then used those observations to assess whether Metcalf suffered from any mental defect.  Finding none, they explained Mr. Metcalf appeared to be experiencing sincere fears between August 2 and August 17 and made general observations about his personality.

This makes sense: Mr. Metcalf appears to be someone who has led a quiet life that was suddenly disrupted by a dispute that has already resulted in the prosecution

of his harasser for a felony offense.  *See* DC-56-2023-0000397, Montana Thirteenth Judicial District Court, Yellowstone County.  He doesn't drink or use unlawful substances, and he does not have an active social life.  When it comes to Mr. Metcalf, nothing in the record suggests anything that could possibly concern the United States or the Court aside from his alleged conduct between August 2 and August 17 of this year.  Review of the Court's Order of Detention and observation of the evidence presently available suggests counsel has not overstated the narrow focus of the Court's concern as it relates to Mr. Metcalf.  The observations made in this evaluation, which did not exist prior to the August 24, 2023 detention hearing, constitute information that was not known to Mr. Metcalf when the issue of detention was previously considered.

This information is clearly material to release conditions regarding any danger Mr. Metcalf might pose to the community: the Court and the Government both expressed concern about Mr. Metcalf's mental health at the August 24 detention hearing based on allegations made in the Complaint and statements from the officer who testified.  This report addresses those concerns, and the observations contained therein were not known to Mr. Metcalf at the time of his first hearing.  The information now available likely necessitates Mr. Metcalf's immediate release, and that is what the Government takes issue with.  The Government simply laments that

it would like to see "a plan" that would have Mr. Metcalf find a new place to live and receive treatment for substance abuse and mental health issues he does not have.

The standard of 18 U.S.C. § 3142(f) is not that Mr. Metcalf carry a burden similar to that placed on the government at a detention hearing and prove his release is warranted by clear and convincing evidence in a motion for a renewed detention hearing. Mr. Metcalf has presented the Court with information that was not available to him on August 24, it is material to the question of the danger he would pose to the community if released, and he respectfully restates his prayer for relief.

RESPECTFULLY SUBMITTED this 15th day of September, 2023

/s/ Russell A. Hart
RUSSELL A. HART
Federal Defenders of Montana
Counsel for Defendant

# CERTIFICATE OF SERVICE
## L.R.5.2(b)

I hereby certify that on September 15, 2023, a copy of the foregoing document was served on the following persons by the following means:

1, 2    CM-EDF
_____    Hand Delivery
 3     Mail
_____    Overnight Delivery Service
_____    Fax
_____    E-Mail

1.     CLERK, UNITED STATES DISTRICT COURT

2.     THOMAS K. GODFREY
       Assistant United States Attorney
       United States Attorney's Office
       2602 2nd Avenue North, Suite 3200
       Billings, MT  59101
           Counsel for the United States of America

3.     GABRIEL COWAN METCALF
       Defendant

                /s/ Russell A. Hart
                RUSSELL A. HART
                Federal Defenders of Montana
                    Counsel for Defendant